1  JUNJI SUZUKI (SBN 184738)
2  junji@marshallsuzuki.com
   MARSHALL SUZUKI LAW GROUP, LLP
3  230 California Street, Suite 415
   San Francisco, CA 94111
4  Telephone: (415) 618-0090
   Facsimile: (415) 618-0190
5  Attorney for Applicant,
6  Shueisha, Inc.

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  In re Ex Parte Application of          )   Case No:  5:21-mc-80255
                                           )
13                                         )   **EX PARTE APPLICATION FOR ORDER**
    SHUEISHA, INC.,                        )   **PURSUANT TO 28 U.S.C. § 1782**
14                                         )   **PERMITTING DISCOVERY FOR USE IN**
                                           )   **FOREIGN PROCEEDING AND**
15                       Applicant.        )   **MEMORANDUM IN SUPPORT**
                                           )
16  _____    )

17

18        Applicant Shueisha Inc. ("Applicant"), a corporations organized and existing under the

19  laws of Japan, hereby applies to this Court ex parte for an order permitting discovery for use in

20  a court proceeding in Japan pursuant to 28 U.S.C. § 1782 from Hurricane Electric LLC ("HE")

21  and Google, LLC ("Google")(collectively as "Witnesses").

22        The proposed subpoenas attached to this application seek from Witnesses documents

23  and information relating to certain accounts with HE, and/or Google used by infringers who

24  illegally copied and uploaded an extensive amount of the Applicant's copyrighted comic books

25  on their pirate websites located at the following infringing websites:  https://ssl.axax.cloud/,

26  https://ssl.advx.cloud/, https://ssl.akkx.net/, https://ssl.sdox.cc/, https://ssl.standardcdn.net/,

27  https://ssl.lsh.buzz/, https://ssl.appx.buzz//, https://ssl.asiax.cloud/, https://ssl.appsx.cloud/.

28

---

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

This application is supported by the memorandum in support below, the declarations of of Junji Suzuki ("Suzuki Decl."), Hiroyuki Nakajima ("Nakajima Decl."), and Da Lin Liao ("Liao Decl.").  Nakajima and Lian are attorneys in Japan and the People's republic of China ("China"), respectively, who represent Applicant in connection with anticipated lawsuits in Japan and China against the Infringers.

## I.   BACKGROUND

Applicant is a well-known publisher in Tokyo, Japan of a wide variety of genres and mediums, including comic books, literature, magazines, and educational books. Nakajima Decl. ¶ 4.  It has recently come to Applicant's attention that certain users (each the "Infringer" and collectively the "Infringers") using services provided by Witnesses uploaded on their pirate websites located at https://ssl.axax.cloud/, https://ssl.advx.cloud/, https://ssl.akkx.net/, https://ssl.sdox.cc/, https://ssl.standardcdn.net/, https://ssl.lsh.buzz/, https://ssl.appx.buzz//, https://ssl.asiax.cloud/, https://ssl.appsx.cloud/, respectively (collectively the "Infringing Websites"), an extensive amount of unauthorized copies of the Applicant's copyrighted comic books.  Such illegal copies mostly contain the entire pages of the book or volume and some of the illegal copies were uploaded on the Infringing Websites soon after publication.  The Infringing Websites were all connected to the main website located at https://mangabank.org/ (the "Main Infringing Website"), which is written in Japanese and invites viewers to search infringing material by titles, authors, and other keywords, seemingly catered to Japanese language viewers.   The Infringing Websites were likely to be used to store the infringing copies so that they can reduce the traffic of the Main Infringing Website and make it more accessible.   The Infringers, the infringing copies located at the Infringing Websites (collectively the "Infringing Work"), and the comic books, the exclusive right of which are owned by Applicant (collectively the "Original Work"), are identified in Exhibit A attached to Nakajima Decl. concurrently submitted with this application.  *Id*. ¶ 5.

According to Nakajima, Applicant's Japanese attorney, the Infringing Work constitutes copyright infringement under Japanese law. *Id*.  ¶ 6.

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Therefore, Applicant intends to bring a lawsuit in Japan against the Infringers as soon as their identities have been ascertained through the discovery sought by this application. *Id.* ¶ 7.

Applicant first attempted to obtain the identifying information about the Infringers through subpoenas issued under 17 U.S.C. § 512(h) (the "DMCA Subpoena") from Cloudlfare, Inc. ("Cloudflare"), which provided online and network services to the Infringers. However, such efforts did not produce the information sufficient to locate the Infringers.  A copy of the subpoena served on Cloudflare and the relevant part of the response and documents produced by Clodulfare (collectively the "Cloudflare Response") are attached to Suzuki Decl. as Exhibit A and B respectively.   Suzuki Decl. ¶ 2-3.  According to Nakajima and Liao, Applicant's Chinese attorney, since Cloudflare does not verify the identity of a service user, the name, or address produced by Cloudflare in response to the DMCA Subpoena do not necessarily reveal the true identity of the Infringers and IP addresses are the most effective and reliable information to locate the Infringers.  The Cloudflare Response revealed that the Infringers used the services provided by Witnesses in connection with their Infringing Websites.  Nakajima Decl. ¶ 9; Liao Decl. ¶ 4.   The Cloudflare Response and Applicant's further investigation thereof revealed that: (i) the server services for the domain names (i.e. sdocast.com and sdo.com.tw) used by the Infringers (collectively as the "Infringers' Domains") in connection with the Infringing Websites were provided by HE; (ii)  the Infringers used services provided by Google based on the MX records[1] for the Infringers' Domains; (iii) the Infringers used the email address  "comchw@gmail.com", email service of which is provided by Google; and (iv) the source codes for the websites operated by the Infringers show that they used services provided by Google, including but not limited to AdSense.[2]  Nakajima Decl. ¶ 9.   Furthermore, based on the Cloudflare Response and Liao's investigation, most of the IP addresses produced in the Cloudflare Response are located in

---

[1] https://support.google.com/a/answer/69003?hl=en
[2] https://support.google.com/adsense/answer/9055049?hl=en

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

China.  However, in China, there is no legal remedy available for a third party company ensuring disclosure of identifying information of the users from telecommunication companies based on copyright infringement[3].  Liao Decl. ¶ 4.

In order to identify the Infringers who committed unlawful acts against Applicant through their pirate websites, it is crucial for Applicant to obtain the additional and more reliable information relating to the Infringers, i.e. the information relating to the Witnesses' accounts associated with the Infringer and the Infringing Work, including the names, addresses, telephone numbers, email addresses, and IP addresses used and registered by the Infringers with their Witnesses' accounts on the most recent date and in the past three months in connection with the Infringing Website. Nakajima Decl. ¶ 8, 10-12; Liao Decl.  ¶ 4.

## II.    ARGUMENT

### A.   Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of  the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the

---

[3] Article 25 of the E-Commerce Law of the People's Republic of China allows the relevant authorities such as government agencies and courts to order disclosure of user information from e-commerce business; however, the definition of "e-commerce business" under the the E-Commerce Law does not include telecommunication companies and access providers and therefore a third party cannot enforce disclosure of identifying information of internet service users, and its enforceability is uncertain as there is no standard on when such order can be

<u>**In re Ex Parte Application of Shueisha Inc.**</u>
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B.   Applicant's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1.   Witnesses From Whom Discovery Is Sought Are Located in This District.**

HE[4] and Google[5] from whom the discovery requested in this application is sought, are located in Fremont and Mountain View, California, respectively.  Therefore, Witnesses are within this Court's district.

**2.   The Requested Discovery Is for Use in a Court Proceeding in Japan.**

The discovery requested in this application must be for "use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  28 U.S.C. § 1782(a).  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is sufficient that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicant intends to bring a lawsuit in Japan or potentially in China against the person associated with the Witnesses' accounts in question as soon as the person's identity has been ascertained through the discovery sought by this application.  Nakajima Decl. ¶ 7, 10.  Liao Decl. ¶ 1.  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

---

made; http://gkml.samr.gov.cn/nsjg/fgs/201908/t20190820_306141.html ;
http://www.lawinfochina.com/display.aspx?lib=law&id=28792.
[4] https://he.net/contacts.html
[5] https://about.google/intl/en_us/locations/?region=north-america&office=mountain-view

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

3.   **Applicant is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person."  As plaintiffs in the anticipated litigation in Japan or China, Applicant is clearly an interested person under 28 U.S.C. § 1782.

C.   **Applicant's Application Further Meets All of the Discretionary Factors under** *Intel.*

1.   **Any of Witnesses Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Any of Witnesses is not a participant in the prospective lawsuit in Japan or China. Nakajima Decl. at ¶ 18. Additionally, the documents that Applicant seeks are located in the United States and not in Japan or China.  Thus, they are out of reach of the Japanese or Chinese court's jurisdiction.

2.   **The Requested Information Is Crucial to Applicant's Bringing Lawsuit in Japan or China and the Japanese and Chinese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

1   In order to identify the person who committed unlawful acts against Applicant through
2   the Witnesses' accounts in question for purposes of bringing a lawsuit against such person in
3   Japan or China, it is crucial for Applicant to obtain the sufficient information relevant to the
4   accounts with Witnesses used by the Infringer. Nakajima Decl. ¶ 8-11. Liao Decl. ¶ 4.

5   In addition, the Japanese courts would be receptive to this court's assistance. In fact, the
6   Japanese courts have been receptive to the discovery assistance made by the U.S. courts.
7   *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953,
8   *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist.
9   LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).   Chinese courts would also
10  admit and consider evidence obtained through the discovery sought by Applicant.  Liao Decl.
11  ¶ 5; *In re Application of TPK Touch Solutions (Xiamen), Inc.* (N.D.Cal. Nov. 17, 2016, No.
12  16-mc-80193-DMR) 2016 U.S.Dist.LEXIS 159681.)

13  **3.    Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign**
14  **Proof Restrictions or Policies.**

15  "A district court could consider whether the § 1782(a) request conceals an attempt to
16  circumvent foreign proof-gathering restrictions or other policies of a foreign country or the
17  United States." *Intel.* at 265.

18  Applicant is not aware of any restrictions imposed by or any policies under Japanese or
19  Chinese law limiting the proof-gathering proceeding in the manner proposed and for the
20  purposes stated herein. Nakajima Decl. ¶ 19. Liao Decl. ¶ 5.  In the past, courts have granted
21  28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal,
22  as well.  *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In*
23  *re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994
24  U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28
25  Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).   Courts have also granted 28 U.S.C. §
26  1782 applications for the use in the proceedings in China**.** *TPK Touch Solutions (Xiamen), Inc.*
27  **4.    Applicant's Request Is Narrowly Tailored to Highly Relevant Information and**
28  **Not Unduly Intrusive or Burdensome.**

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1    "Unduly intrusive or burdensome requests may be rejected or trimmed."   *Intel.* at 265.

2    As shown in the proposed subpoenas to Witnesses attached to the proposed order

3    submitted with this application, the discovery requested by Applicant is narrowly tailored and

4    limited to the discovery materials related to the Witnesses' accounts relating to the Infringer

5    and Infringing Work through which the identity of the defendant(s) to the anticipated Japanese

6    or Chinese lawsuit could be ascertained and nothing further.

7    First, the proposed subpoena does not seek disclosure of the content of any

8    communications associated with the Witnesses' accounts subject to the proposed subpoenas.

9    *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013

10   WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et

11   seq).

12   Second, the proposed subpoena only seeks disclosure of names, telephone numbers and

13   addresses of the person(s) whose payment method is associated with each of the Witnesses'

14   accounts subject to the said subpoena.  It does not seek disclosure of credit card numbers,

15   bank account numbers, or any other sensitive information.  *In re Medical Corporation H&S*,

16   Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (granted application seeking

17   disclosure of name and address of credit card holder registered on Google Account).

18   However, it is highly unlikely that the perpetrators have provided their true name and

19   address to Witnesses when they created an account with Witnesses.  Thus, the names and

20   addresses Witnesses may have on file in connection with the Witnesses accounts subject to

21   the proposed subpoena, even if they are disclosed in response to the proposed subpoena,

22   would highly likely to be fictitious and would not help Applicant identify the Infringers.  In

23   such case, an access log is the only available information that could identify the perpetrators.

24   The access logs recorded only when users make a payment through Witnesses to Cloudflare

25   or used Witnesses' services relating to the Infringing Website are not sufficient to identify

26   the Infringer.  Nakajima Decl.  ¶ 13-17.   Furthermore, access logs contain no private

27   information of the Witnesses' accounts subject to the proposed subpoenas. Access logs only

28   disclose time stamps (showing when the Witnesses' accounts holders accessed) and IP

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

addresses. Any other private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed.  To sufficiently identify the Infringer, it is crucial to obtain the information highly likely to be true, which is name, address, email addresses, and/or telephone numbers for the payment methods registered with the Infringers' Witnesses' accounts, which the Infringers are highly likely to use the true information. *Id.* ¶ 11.

## III.   CONCLUSION

For the reasons stated above, Applicant respectfully requests that this Court grant this application and permit that it issues the subpoenas to Witnesses attached to the proposed order submitted with this application.


Dated: October 26, 2021                      Respectfully submitted,

                                             MARSHALL SUZUKI LAW GROUP, LLP


                                             By:_____
                                                Junji Suzuki
                                                Attorney for Applicant,
                                                Shueisha Inc.

**In re Ex Parte Application of Shueisha Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support