JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Shueisha Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>SHUEISHA INC.,<br><br>　　　　　　　　Applicant. | Case No: 5:21-mc-80255<br><br>**DECLARATION OF DA LIN LIAO IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING** |

I, the undersigned, declare as follows:

1. I am an attorney duly licensed to practice law in the People's Republic of China ("China") and employed at Beijing Yingke Law Firm Shanghai Office. Applicant, Shueisha Inc. ("Applicant"), a corporation organized and existing under the laws of Japan, retained me and my firm to assist it in its anticipated civil lawsuit against those liable for copyright infringement in Japan or potentially in China as soon as their identities have been ascertained through discovery.

2. I have personal knowledge of each matter stated herein.

3. I submit this declaration in support of Applicant's Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782 (the "Application").

**In re Ex Parte Application of Shueisha Inc.**
Declaration of Da Lin Liao in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

4. I have personally reviewed and investigated the information based on the response and documents (the "Cloudflare Response") produced by Cldouflare, Inc. in response to the Applicant's subpoena issued under 17 U.S.C. § 512(h). Since Cloudflare does not verify the identity of a service user, the name, or address produced in the Cloudflare Response do not necessarily reveal the true identity of the Infringers. Therefore, access log and IP addresses are the most effective and reliable information to locate the Infringers. Based on the Cloudflare Response and my investigation, most of the IP addresses produced in the Cloudflare Response located in China. However, in China, there is no legal remedy available for a third party company ensuring disclosure of identifying information of the users from telecommunication companies based on copyright infringement[1]. Therefore, it is crucial that Applicant obtain the reliable identifying information about the infringers in issue in this application, in addition to the IP addresses it obtained from the Cloudflare Response.

5. I am not aware of any restrictions imposed by or any policies under Chinese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein and in the Application. It is my opinion that Chinese courts would admit and consider the evidence obtained through the discovery sought by this Application.

6. Based on the above, the documents sought from Hurricane Electric LLC ("HE") and Google LLC (collectively as the "Witnesses") are highly relevant to Applicant's anticipated lawsuit in Japan or China and are narrowly tailored and limited to the discovery materials related to the accounts with the Witnesses subject to the proposed subpoenas through which the identities of the defendants to the anticipated lawsuit could be ascertained and nothing further.

---

[1] Article 25 of the E-Commerce Law of the People's Republic of China allows the relevant authorities such as government agencies and courts to order disclosure of user information from e-commerce business; however, the definition of "e-commerce business" under the the E-Commerce Law does not include telecommunication companies and access providers and therefore a third party cannot enforce disclosure of identifying information of internet service users, and its enforceability is uncertain as there is no standard on when such order can be

-Page 2 of 3-

**In re Ex Parte Application of Shueisha Inc.**
Declaration of Da Lin Liao in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding

1     I declare under penalty of perjury under the laws of the United States that the foregoing
2 is true and correct.

4 Dated: 25, Oct , 2021    By: 廖大林
5                                           Da Lin Liao

23 made; http://gkml.samr.gov.cn/nsjg/fgs/201908/t20190820_306141.html ;
http://www.lawinfochina.com/display.aspx?lib=law&id=28792 .

**In re Ex Parte Application of Shueisha Inc.**
Declaration of Da Lin Liao in Support of Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding