UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE EX PARTE APPLICATION OF SHUEISHA, INC., <br><br> Applicant. | Case No. 21-mc-80255-VKD <br><br> **ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** <br><br> Re: Dkt. No. 1 |
|---|---|

Applicant Shueisha, Inc. ("Shueisha") applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents on Google LLC ("Google") and Hurricane Electric LLC ("HE"). Dkt. Nos. 1-6. Although the proposed subpoenas are directed to Google, Shueisha will use the subpoenas to obtain identifying and contact information for the users of services provided by Google and HE in connection with certain accounts. *See* Dkt. No. 1 at 4.

The Court grants the application subject to the requirements set forth below.

**I.   BACKGROUND**

According to the application, Shueisha is a publisher of comic books and other materials in Tokyo, Japan. Dkt. No. 1 at 2. Shueisha says that it recently has learned that unauthorized copies of its copyrighted comic books have been uploaded to websites hosted by Cloudflare, Inc. ("Cloudflare"). *Id*. Shueisha served a subpoena on Cloudflare seeking to identify the persons associated with these websites, but that effort was unsuccessful. *Id.* at 3. The Cloudflare subpoena did yield information indicating that these websites use services provided by Google and HE. *Id.* Shueisha says it intends to bring an action for copyright infringement in Japan or potentially in China against the persons using or controlling the websites as soon as their identities

are ascertained. *Id.* at 5. Shueisha now asks permission to serve subpoenas on Google and HE for information associated with certain accounts, including: names and contact information, payment method and associated financial institution, and access logs (including dates and IP addresses) for a period of three months from and including the date of the last access log recorded. Dkt. Nos. 6-1, 6-2.

Shueisha's application is supported by the declarations of Hiroyuki Nakajima, an attorney licensed in Japan, and Da Lin Liao, an attorney licensed in China. Dkt. Nos. 3, 4.

## I.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient

2

assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

**II.     DISCUSSION**

    **A.     Statutory Requirements**

Shueisha's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google and HE, both of which have their principal places of business in the Northern District of California. Second, Shueisha requests this discovery for use in a civil action for copyright infringement that it says it anticipates filing in Japan or in China as soon as it learns the identities of the alleged infringers. Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259

3

1  (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable
2  contemplation).  Third, Shueisha, as the putative plaintiff in the contemplated civil action, is an
3  interested person within the meaning of the statute.

### B.  *Intel* Factors

Even if the Court has the authority to grant Shueisha's § 1782 application, that does not mean the Court is required to do so.  *Intel*, 542 U.S. at 247.  In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1.  Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google and HE will not be parties to the civil action Shueisha plans to bring in Japan or China, and the documents Shueisha seeks by subpoena are located in the United States.  Dkt. No. 1 at 6.  Shueisha contends that such evidence is outside the reach of the Japanese and Chinese courts' jurisdiction.  *Id.*  In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence.  *Intel*, 542 U.S. at 264.  The Court finds that this factor weighs in favor of authorizing service of the subpoena.

#### 2.  Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.*

4

(internal quotations and citation omitted).  Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782.  *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Shueisha represents that Japanese and Chinese courts have been receptive in other matters to assistance in discovery from the United States and cites three cases in support.  *See* Dkt. No. 1 at 6-7.  However, none of the cited cases holds that the Japanese or Chinese courts are receptive to discovery of the type of information Shueisha seeks here.  In *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo."  335 F. App'x 95, 97–98 (2d Cir. 2009).  Similarly, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the district court noted simply that there was "no evidence that [applicant] is seeking to circumvent restrictions that may exist in the host courts."  No. 12CV1197-LAB (MDD), 2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012).  Finally, in *In re Ex Parte Application of TPK Touch Solutions (Xiamen), Inc.*, the district court concluded only that there was "no evidence suggesting that either the People's Court or the Chinese Patent Office would 'be unreceptive' to the discovery [applicant] seeks."  No. 16-mc-80193-DMR, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016).

Nevertheless, Shueisha's counsel attest that they are aware of no reason why the Japanese or Chinese courts would not be receptive to the evidence Shueisha seeks here; indeed, they say Shueisha must first obtain this evidence before it may proceed with a copyright infringement action in Japan or China.  Dkt. No. 3 ¶¶ 7-8, 19; Dkt. No. 4, ¶¶ 4-5.  In the absence of evidence that the Japanese and Chinese courts would object to Shueisha's discovery of the information sought in the subpoenas, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the

subpoenas.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Shueisha's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Shueisha's counsel attest that they are aware of no restrictions or policies under Japanese or Chinese law that would limit the gathering of the evidence Shueisha seeks here. Dkt. No. 3 ¶ 19; Dkt. No. 4 ¶ 5. In the absence of contrary information regarding the procedures acceptable to the Japanese and Chinese courts for obtaining the information Shueisha seeks from Google and HE, the Court concludes that this factor also weighs in favor of authorizing service of the subpoenas.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Shueisha's proposed subpoenas to Google and HE seek documents identifying the person or persons who use several Google and HE accounts, including the users' names and contact information, payment method and associated financial institution, and access logs showing the "dates, time, IP addresses, and access type" for each of the accounts "during the last three months

from and including the date the last access log was recorded in response to this subpoena." *See* Dkt. Nos. 6-1, 6-2. Shueisha principally relies on the declaration of its Mr. Nakajima, an attorney licensed to practice in Japan, to explain why Shueisha is unlikely to be able to identify the alleged infringers from the information previously obtained from Cloudflare, and why, in Shueisha's view, it is necessary to also obtain the access log information. Dkt. No. 3 ¶¶ 9-17. Crediting this explanation, the Court finds that Shueisha has shown that it likely will not have the identifying information it requires to proceed with a civil action in Japan or China unless it obtains at least some access log information.

Shueisha's proposed discovery does intrude upon the privacy interests of the Google and HE account holders. However, the Court is satisfied that these concerns can be addressed by adopting procedural protections to ensure that any objections an account holder may have to disclosure of his or her information are addressed by the Court before disclosure is made. Specifically, and as set forth below, Google and HE must notify the Court of any objections they receive from an account holder, and they may not disclose objected-to documents to Shueisha until the Court resolves those objections.

### III.  CONCLUSION

Shueisha's application meets the statutory criteria for an order authorizing service of the proposed subpoenas. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoenas.

Accordingly, the Court authorizes service of the proposed subpoenas on Google and HE. This order does not foreclose a motion to quash or further modify the subpoenas by Google or HE following service, or by the Google and HE account holders or account users whose identifying information is sought. The Court orders Shueisha, Google, and HE to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoenas if they wish:

1. At the time of service of each subpoena, Shueisha must also serve a copy of this order on Google and HE.
2. Within 10 calendar days of service of each subpoena and this order, Google and HE

shall notify each of their respective account holders and account users within the scope of the subpoena that their identifying information is sought by Shueisha, and shall serve a copy of this order on each such person.

3. Google, HE, and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google or HE (as applicable) in writing of any objections he or she has to disclosure of the information and the bases for any such objections. Within 10 days of receipt of any such objections, Google or HE shall so advise the Court.

5. If any person contests a subpoena or objects to any portion of it, Google or HE (as applicable) shall preserve, but not disclose, the information sought by a subpoena pending resolution of that contest or objection.

Any information Shueisha obtains pursuant to the subpoenas may be used only for purposes of the anticipated action for copyright infringement, and Shueisha may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: November 12, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge